■ WALTER VIOLYN et al., Appellants-Respondents, v STATE OF NEW YORK, Respondent-Appellant. (Claim No. 59167.)—Cross appeals from a judgment in favor of claimant, entered September 27, 1978, upon a decision of the Court of Claims. Claimants appeal from an award in their favor on the partial appropriation of claimants' land, pursuant to the Highway Law, on the ground of inadequacy of the award. The State appropriated a strip of claimants' land containing .095 acre for the purpose of widening State Route 29A. The taking reduced the setback of the house located thereon from 14 feet to 4 feet and of the garage from 22 to 13 feet. The Court of Claims found that claimants' property was damaged in the amount of $2,130 due to the appropriation and awarded judgment in that sum. The court found the value of the property to be $8,750 before appropriation and $6,620 after value. Concurrent with claimants' appeal, the State also appeals from the order of entry of judgment which was made pursuant to rule 1200.30 of the Rules of the Court of Claims (22 NYCRR 1200.30) as being contrary to the provisions of subdivision 4 of section 19 of the Court of Claims Act. The claimants allege error in that the court totally failed to consider the claimants' appraiser's market value approach for before and for after value of the land. We disagree. It is apparent from the decision that the appraiser's valuations were considered and rejected because the cost approach used

by claimants' appraiser was found to be inappropriate under the circumstances or before value; and his market value approach, submitted as a check to the cost approach on before value and for after value, was woefully inadequate in that claimants' appraiser merely aggregated differences between the subject property and the comparables used, and arrived at a composite figure for a degree of comparability represented by a percentage. The market value of claimants' property was then stated, without any explanation of how the figure was arrived at. The State's appraiser, on the other hand, listed the similarities and differences between the comparables and the subject property and broke down all the monetary adjustments made for differences between the parcels in arriving at the market value of the subject property. The Court of Claims election to accept the State's appraiser's more careful and complete valuation was further buttressed by other evidence, namely, the outstanding contract to sell the property for $8,000 entered into shortly before the condemnation and the modest rental of $70 per month collected for the property. The evidence clearly supports the court's finding. Claimants argue that the court improperly found that fencing and a hedge cured the loss of setback. Claimants claim that only a complete relocation of the structure on the property would cure the damages caused by loss of setback. In view of the fact that the property is still utilized as a residence, claimants' proposed cure must be rejected. The record discloses that the court found that fencing and hedging would decrease some of the consequential damages, namely, safety hazards and loss of privacy. In awarding damages for the cost to cure the setback loss, the court found a 24% consequential damage factor of the before value and awarded consequential damages which included but were not limited to the cost of the fence and hedge. In view of the evidence, we find the court's finding of consequential damages well documented. As to the State's appeal seeking that the judgment be vacated on the ground that rule 1200.30 of the Rules of the Court of Claims is inconsistent with subdivision 4 of section 19 of the Court of Claims Act, we note that the record on appeal fails to disclose that this matter was ever presented to the court where the judgment was awarded. The issue should be presented more appropriately to the Court of Claims by a motion to vacate the judgment. This matter is not properly before us. Judgment affirmed, without costs. Mahoney, P. J., Kane, Staley, Jr., Mikoll and Casey, JJ., concur.